opinion of the court
John S. Lockman, J.
Petition for an order pursuant to CPLR 7803 (subd 3) declaring that a determination by respondent superintendent of the State Police that petitioner, as a correction officer in a Federal correctional institution, is not a peace officer within CPL 2.10 was affected by an error of law is denied and the motion by respondent to dismiss the petition is granted.
Petitioner is employed as a correction officer at a Federal correctional facility located in New York County and he resides in Nassau County. Desiring to purchase a firearm for his personal use he endeavored to make the purchase without first obtaining a license required by section 400.00 of the Penal Law. When petitioner relied upon the peace officer exemption contained in subdivision 12 of section 400.00 of the Penal Law, the salesman, as required by the statute, sought verification of petitioner’s peace officer status from the Division of State Police. Respondent determined that petitioner as a Federal employee was not a “peace officer” within CPL 2.10 (subd 25).
*30 CPL 2.10 (subd 25) provides that the term “peace officer” shall mean, inter alia, “officials * * * and correction officers of any state correctional facility or of any penal correctional institution.” Petitioner contends that the Federal correctional facility in which he is employed fits within the term, “any penal correctional institution”. The fatal weakness in this argument is the fact that the Appellate Division, First Department, construed the very same language in the predecessor statute as not including Federal correction officers. (People v Marrero, 71 AD2d 346, 347.) When the definition of “peace officer” was completely revised in 1980, one year after the decision in People v Marrero, the Legislature did not alter the language or in any other manner demonstrate an intention to include Federal correction officers in the definition of “peace officer”. (See, generally, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 2.10, pp 49-51). Petitioner having failed to offer any evidence that the Legislature sought to include Federal correction officer in the definition of “peace officer” and faced with the reenactment of language which had been construed as excluding them, the court is constrained to hold that Federal correction officers are not exempt from the license requirement of section 400.00 of the Penal Law.